UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID CERRONE,

                              Plaintiff,

v.                                            Civil Action No. _____

PETER T. ROACH AND ASSSOCIATES, P.C.
and LVNV FUNDING, LLC,

                              Defendants.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendants violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), and 28 U.S.C. § 133.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff, David Cerrone, is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Peter T. Roach and Associates, P.C. (hereinafter "Peter T. Roach, Esq.") is a lawfirm organized as a limited liability partnership under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant LVNV Funding LLC (hereinfter "LVNV") is a limited liability company organized and existing under the laws of the State of Delaware, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. The acts of the Defendants alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. Defendants regularly attempts to collect debts alleged to be due another.

9. All references to either defendant herein shall mean said defendant or an employee of said defendant.

10. That at all relevant times herein, Peter T. Roach acted as agent-in-fact for LVNV, and acted within the scope of their agency.

## IV. FACTUAL ALLEGATIONS

11. That Plaintiff incurred a credit card obligation to Sears. This debt will be referred to as the "subject debt."

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. That Plaintiff defaulted on the subject debt.

14. That Sears brought an action against the Plaintiff in Niagara Falls City Court seeking a judgment for the balance on the defaulted account assigned to LVNV after Plaintiff's default.

15. That a judgment was entered on or about June 20, 2001 in favor of Sears and against the Plaintiff in the amount of $3,855.74.

16. That sometime after the entry of the above-referenced judgment, LVNV hired Peter T. Roach, Esq. to collect the subject debt.

17. That on or about February 2012, Defendant, Peter T. Roach, Esq. through The Niagara County Sheriff's Department, served an income execution against the Plaintiff.

18. That at the time of the service of the income execution, Plaintiff's elderly mother who resides with the Plaintiff, was upset and thought that the Plaintiff was going to be arrested.

19. That prior to the service of the income execution, no assignment was filed in the City Court of Niagara Falls nor the Niagara County Clerk's office by Sears as judgment creditor to Defendant LVNV.

20. That Defendant LVNV had no legal right to seek post judgment enforcement against the Plaintiff.

21. At all times relevant herein, Peter T. Roach, Esq.. was LVNV agent-in-fact.

22. That as a result of Defendants acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

23. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

24. The conduct of Peter T. Roach, Esq. violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), 15 U.S.C. §1692f(1), and 15 U.S.C. §1692f(6) by serving a income execution on the Plaintiff despite not having any legal right to seek post judgment enforcement of the judgment entered in favor of Sears.

25. That LVNV is vicariously liable for the acts of Peter T. Roach, Esq. under the laws of agency.

26. That as a result of the Defendants FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for:

    (a) Actual damages;

    (b) Statutory damages pursuant to 15 U.S.C. §1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (e) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: May 2, 2012

          /s/ Seth J. Andrews
          Kenneth R. Hiller, Esq.
          Seth J. Andrews, Esq.
          Law Offices of Kenneth Hiller, PLLC
          *Attorneys for the Plaintiff*
          6000 North Bailey Ave., Suite 1A
          Amherst, NY 14226
          (716) 564-3288
          Email: khiller@kennethhiller.com
                 sandrews@kennethhiller.com